HUGH McCLURG, RESPONDENT, *v.* JOHN McKERCHER, APPELLANT.

*Parent or guardian — right of, to collect from an employer of an infant the wages earned by the infant —1850, chap. 266, sec. 1, construed.*

Section 1 of chapter 266 of the Laws of 1850, relating to notification by the parent or guardian of minor children to persons employing them, within thirty days after the commencement of the service, that such parent or guardian claims the wages of the minor, only protects the employer if, without notice, he pays the minor after the expiration of thirty days, but does not prevent the parent from collecting any wages due to the infant, although the parent may fail to give notice within thirty days, nor does it affect his right to collect, after giving notice at any time, the infant's future earnings.

APPEAL by the defendant John McKercher from a judgment, entered in the office of the clerk of the county of Livingston, upon the report of a referee, in favor of the plaintiff.

*J. N. Hastings*, for the appellant.

*S. Hubbard*, for the respondent.

CORLETT, J. :

The plaintiff's infant son, John McClurg, worked for the defendant from the 1st day of March, 1887, until the first day of December of the same year. His services were worth twenty dollars per month. The son became of age the 2d day of December, 1887. He had worked for the defendant for eight months the previous year at the same rate. At the close of his labors the first year the plaintiff went to the defendant to settle for his services. He informed him that he was a minor and directed him not to pay the boy any more money. The defendant agreed to this and afterwards paid the balance due.

About the middle of August of the second year, the plaintiff notified the defendant to reserve for him seventy dollars out of the boy's wages. His work after this notice, and until he became of age, was worth the sum reserved by the father. The defendant, notwithstanding this notice, assumed to settle with the boy. This action was brought and the issues referred to a referee, who found for the plaintiff. On his report judgment was entered and the defendant appeals to this court. He claims that the father emancipated the boy. The evidence does not sustain this contention. He also insists that the plaintiff, within thirty days after the work commenced, did not notify the defendant that he claimed the wages.

Section 1 of chapter 266 of the Laws of 1850, provides: " It shall be necessary for the parents or guardians of such minor children as may be in service, to notify the party employing such minor, within thirty days after the commencement of such service, that said parent or guardian claim the wages of said minor, and in default of such notice, payment to such minor shall be valid."

If the employer should pay the infant before the expiration of thirty days, notice within that time would enable the parent or guardian to recover the sum previously paid. It was not the intention of the legislature to deprive the parent of the services or wages of his minor child, but for the protection of the employer he could pay the infant unless notified. The only effect of a thirty days' limitation was to defeat the effect of payment before the thirty days, in case notice was served in that time. It was not the purpose of the legislature to prevent the parent from collecting any wages if he failed to give notice within the time specified. Subsequent notice would enable the parent to collect the infant's future earnings, but would not affect prior payments.

The defendant knew that the boy was an infant. He had notice the previous year that the father would claim his future wages, and in August of the last year the father notified the defendant to pay him seventy dollars of the son's wages. He earned that sum after such notice, and the referee reached a correct conclusion.

The judgment must be affirmed.

DWIGHT, P. J., and MACOMBER, J., concurred.

Judgment affirmed.